Ronald George POWELL, Petitioner,

v.

The Hon. Charles H. LOHAH, Judge of the
County Court of Osage County,
Oklahoma, Respondent.

Fred RANDOLPH and Ruth Randolph, hus-
band and wife, Robert L. Grof and Mar-
garet Grof, husband and wife, Petitioners,

v.

The Hon. S. J. CLENDINNING, Judge of
the District Court of Tulsa County, Okla-
homa, and William H. Mattingly, District
Attorney of Osage County, Oklahoma, Re-
spondents.

Nos. 42727, 42742.

Supreme Court of Oklahoma.

Dec. 26, 1967.

**56**

Farmer, Woolsey, Flippo & Bailey, by Fred Gilbert, Tulsa, for Ronald George Powell.

Charles H. Lohah, County Judge-Juvenile Judge, Osage County, Pawhuska, pro se.

Hamilton, Kane & Kane, Pawhuska, A. E. Montgomery, Tulsa, by Wm. S. Hamilton, Pawhuska, for Fred and Ruth Randolph, and Robert L. and Margaret Grof.

William H. Mattingly, Dist. Atty. of Osage County, Pawhuska, pro se.

BLACKBIRD, Justice.

Involved herein are two original actions, both of which directly involve the custody of Ronald George Powell II, one of the three minor children of Ronald George Powell and Mrs. Janice Meredith Powell, formerly husband and wife. Because of this, and the fact that they are related in issues, as well as factual background, both actions will be dealt with in this opinion, as if consolidated for the purpose of argument and decision.

Upon a petition instituting Cause No. 1034 in the County Court of Osage County (as said County's "Juvenile Court"), alleging that the above mentioned children were "dependent-neglected", said court, by a document entitled "TEMPORARY ORDER", entered in said cause during November, 1963, awarded the "temporary care, custody and control" of Ronald George Powell II (herein after referred to simply as "Ronald") to his maternal great grandmother, Elpha Mathes.

By a subsequent "TEMPORARY ORDER", entered in the same cause during March, 1964, Ronald was removed from Mrs. Mathes' custody and placed in the custody of Mr. and Mrs. Fred Randolph "until the further order of this court * * *".

Thereafter, upon a petition filed in Cause No. D–89411 of the District Court within and for Tulsa County, Mrs. Powell was granted a divorce from Ronald George Powell (hereinafter referred to simply as "Mr. Powell"). Despite the fact that Ronald was apparently then in the custody of Mr. and Mrs. Randolph, at Pawhuksa, under the above mentioned Osage County Juvenile Court order, this Tulsa County decree of divorce, entered on September 25, 1965, purported to award the care and custody of all of the Powells' three minor children to Mrs. Powell, and to grant Mr. Powell the right to visit them.

Thereafter, in May, 1966, the Juvenile Court of Osage County entered a new order in Cause No. 1034, supra, which decreed a change in Ronald's custody from Mr. and Mrs. Randolph to Mrs. Powell, effective June 15, 1966, "until the further order of this court."

Thereafter, on January 11, 1967, said Osage County Juvenile Court entered a new order in which it found that Mrs. Powell had "abandoned" Ronald "and * * * traveled to places unknown * * *", and further found, among other things, that the child's best interests would be served by placing him back in the "temporary care, custody and control" of Mr. and Mrs. Randolph, "until the further order of this court or until a final order is made adjudging said child to be a dependent and neglected child and made a ward of this court." The court decreed that Ronald "be removed" from his mother's care and custody and placed in the "temporary care, custody and control" of Mr. and Mrs. Randolph "until the further order of this court."

More than a week later, or on January 19, 1967, a pleading entitled "Application" was filed in the same Juvenile Court proceedings by the District Attorney (on his own behalf) setting forth in chronological order, and in some detail, some of the above described previous entries on the Juvenile Court's docket in said Cause No. 1034, supra, specifying a forwarding address in San Francisco, California, as Mr. Powell's residence, alleging that Mrs. Powell's whereabouts was unknown, and requesting that notice by publication be given her " * * * as provided by Title 10 O.S. § 472."

Thereafter, on February 7, 1967, a person we will refer to as "Mr. C" filed a demurrer, and answer, and a demand for a jury trial in Cause No. 1034, supra, as attorney for Mr. Powell. After a period of more than two weeks, he also filed a special demurrer. At a hearing in early March, 1967, at which Mr. Powell appeared by the same attorney, both demurrers were overruled; and thereafter, on March 23, 1967, Mr. and Mrs. Randolph appeared in said Cause No. 1034, by filing a reply to Powell's answer, in which they alleged, in substance, that he had forfeited his parental rights with reference to Ronald, by failing to provide him with parental care, support, or a suitable home.

Thereafter, at a so-called "final hearing" in said Cause No. 1034, on April 4, 1967, at which both the District Attorney and Mr. Powell's attorney, Mr. C, appeared, the latter withdrew the answer he had theretofore filed on behalf of Mr. Powell and stipulated "that the said Powell children and each of them * * * were dependent and neglected children * * *", and that it would be in their best interests if they were so declared "and made wards of the Juvenile Court * * *". In its order thereupon entered, the Court found that both the mother and father of the children were served with notice of the hearing "as required by law", decreed them to be dependent and neglected children, declared them wards of the court, and placed their custody with the Child Welfare Division of this State's Department of Public Welfare, with authority to consent to their adoption.

Thereafter, with the evident purpose of effecting a compliance with House Bill No. 690, enacted by the Thirtieth Legislature (S.L. 1965, pgs. 1046, 1047; Tit. 10 O.S. 1965 Supp., §§ 471–475, both incl.) as amended by Senate Bill No. 192, enacted by the Thirty-First Legislature (S.L. 1967, pgs. 241, 242; Tit. 10 O.S. 1967 Supp., § 471) providing for the termination by the County, Children's, or Juvenile, Court of the parental rights of parents of children, found to be neglected (among other grounds), Fred Randolph filed a petition in the Juvenile Court Case (No. 1034, supra) on September 10, 1967, alleging, among other things, that, for the protection of the mental and moral health of the Powell children, the court should enter its order permanently terminating the parental rights of their father and mother, and asking the court to set the petition for hearing, and to cause notice to be given, informing them of the date the petition would be heard, and that, at such hearing, the court enter its judgment terminating their parental rights.

Thereafter, previous to any hearing on Mr. Randolph's above described petition in the Osage County Juvenile Court proceedings Mr. Powell, on September 13, 1967, filed a motion in the Tulsa County divorce action (Cause No. D–89411, supra) praying for a modification of the decree (previously entered) to allow him to have custody of the children; but, before this motion was scheduled to be heard on October 23rd, he also filed in this court, on October 19, 1967, one of the original actions herein dealt with. It is our Cause No. 42727, entitled: "RONALD GEORGE POWELL, Petitioner, vs. THE HON. CHARLES H. LOHAH, Judge of the County Court of Osage County, Oklahoma, Respondent."

In the pleadings he has filed in this action, Mr. Powell, the petitioner, alleges, among other things, in substance, that he had no notice that the above described proceedings in Osage County (Cause 1034, supra) "was anything else than a proceeding against" his children's "mother's fitness". Petitioner further alleges that the District Court of Tulsa County, in its Cause No. D–89411, was the first court that had assumed jurisdiction over the children "at least with respect to this petitioner * * * ", and that its "action" of September 15, 1965, marked "the first assumption of jurisdiction and adjudication of the petitioner's relationship to his children by any court having proper jurisdiction over the petitioner." Said petitioner further alleges that there is a conflict of jurisdiction between the County Court of Osage County and the District Court of Tulsa County "over the identical

subject-matter, *i. e.* petitioner's parental rights * * *" and that the Osage County Court is wrongfully interfering with the Tulsa County divorce court's proper jurisdiction. Petitioner applies to this Court to assume jurisdiction and issue a writ prohibiting the Respondent County Judge from proceeding further on Mr. Randolph's petition to terminate his, and his former wife's, parental rights, except to dismiss it.

The other original action in this court, related to Cause No. 42727 above referred to, was filed here on November 1, 1967. It is this Court's Cause No. 42742, in which the Randolphs, and Mr. and Mrs. Robert L. Grof, which latter are said to have the custody of the two Powell daughters, Antonette and Kristy Kaye, appear as "Petitioners", and, in which, William H. Mattingly, the Osage County District Attorney, and the Honorable S. J. Clendinning, the Tulsa District Judge, before whom Mr. Powell's above mentioned motion to modify the Powell's divorce decree is now pending, are named as "Respondents". The petitioners in this action allege, among other things, that the Osage County Court "sitting as a Juvenile Court" obtained jurisdiction over the Powell children as early as November 18, 1963. It is their position, that consequently, the Tulsa District Court in the divorce action (Cause No. D–89411) has never had jurisdiction over their custody, such jurisdiction having, in effect, been preempted in the Osage Juvenile Court proceedings, long before the divorce action was filed. These petitioners' prayer is for this court to issue a writ prohibiting Judge Clendinning from interfering with the Osage County Court's claimed jurisdiction in its Cause No. 1034, supra.

We think the writ prayed for in this latter action must be granted, and the writ prayed for in Cause No. 42727, supra, must be denied. In his brief in support of the writ, he prays for in the latter cause, Mr. Powell relies on the well established principle that where two courts attempt to exercise jurisdiction in conflict with each other, the one that assumes jurisdiction first, re-

tains it. He argues that since he had no notice of the hereinbefore described Juvenile Court proceedings in Osage County, *before* the Tulsa County divorce court's assumption of jurisdiction, the Osage County Court had no jurisdiction of his parental rights, but he suggests that said Court "may very well" have continuing jurisdiction to adjudicate his *former wife's* parental rights—at the same time maintaining that jurisdiction to adjudicate his own rights was firstly, and permanently, lodged in the District Court of Tulsa County.

The weakness in Mr. Powell's argument is shown by the fact that he does not deny the power and jurisdiction of the County Courts of this State, when acting as juvenile courts, to immediately assume custody of alleged dependent and/or neglected children, pending a final disposition of such proceedings as were first instituted in Cause No. 1034, supra, in 1963—a power which appears to be expressly recognized in Sec. 471, supra. The same jurisdiction, as then exercised by the County Court of Osage County over the custody of the minor, Ronald George Powell II, was assumed by the Juvenile Court of Tulsa County over the Harris children's custody in Harris v. State, this Court's Cause No. 41453. In our supplemental opinion on rehearing, promulgated in that case on February 28th, 1967, 434 P. 2d 477, we said, after relating that the Tulsa County Court assumed jurisdiction over those children, and sent them to the Whitaker State Home under a "temporary order of July 29, 1960":

> "Said court thereafter retained, and exercised, that jurisdiction refusing to relinquish it by including 'until further order of the court' provisions in its subsequent orders until long past the filing, in the District Court, of Mr. Harris' petition for divorce. * * *"

There, in referring with approval to an order in the divorce action referring the matter of the children's custody to the Juvenile Court, we said:

> " * * * (it) is compatible with the long established rule in this jurisdiction

that when a court of concurrent jurisdiction has assumed jurisdiction over a case, its authority over it, subject to review by the appellate court, is exclusive until the case is entirely disposed of and no other court of concurrent jurisdiction may interfere with the first court in the handling and disposing of the litigation. (Citing cases.) * * *."

Thus, we there applied, to a conclusion adverse to Mr. Powell's position in this case, the well established principle that he relies upon to vest jurisdiction of Ronald George's custody in the divorce court at Tulsa and to give us ground for prohibiting the respondent Osage County Judge from proceeding in Cause No. 1034, supra, with the matter now pending before him, to-wit: The termination of the Powells' parental rights.

Powell does not contend that the County Court's ostensible statutory power over a minor's custody is exercised without jurisdiction, or in derogation of *one* parent's right to due process, if said court has the *other* parent before it, or has actual dominion over, or possession of, their minor children. Nor does he attempt to show how it is possible for such a court to validly exercise jurisdiction over said minor's custody, without affecting, at least temporarily, the parental rights of *both* parents; nor how such a court may exercise such custody jurisdiction, without, at the same time, preempting the power of the District Court to also exercise jurisdiction over the same subject matter. Although he contends that the Tulsa District Court, in the divorce action, was the first court with jurisdiction to adjudicate his parental rights, he fails to show how this could be, when the Osage County Court had previously assumed, and was continuing to exercise, jurisdiction over Ronald George's custody and (though "paradoxically", as he puts it) said minor's mother's parental rights.

In State of Oklahoma ex rel. Cox v. Lohah, Judge, 434 P.2d 928, cited herein, the divorce court was the one which had *first* obtained jurisdiction of the involved couple's minor children; and, after discussing extensively various previous decisions, this Court issued the writ, the estranged wife sought against the same County Judge, Powell seeks to prohibit here.

As this petitioner has failed to show ground for such prohibition in the situation now before us, we refuse to assume jurisdiction and to issue a writ of prohibition against the respondent County Judge in Cause No. 42727, but we grant the writ sought against District Judge Clendinning in Cause No. 42742.

It is so ordered.

All the Justices concur.